**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, GUIDED MISSILE LODGE 1254, Respondent.**

No. 15099.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1957.

Theophill C. Kammholz, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Owsley Vose and Melvin Pollack, Attys., Washington, D. C., and Ralph H. Nutter, Los Angeles, Cal., for petitioner.

Plato Papps, Washington, D. C., Harold A. Cranefield, Gen. Counsel, and Kurt L. Hanslowe, Asst. Gen. Counsel, Detroit, Mich., for respondent.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and ROSS, District Judge.

DENMAN, Chief Judge.

The Board, having held that Respondent Union violates the National Labor

Relations Act, hereafter the Act, by maintaining a union security agreement with Convair, a division of General Dynamics Corporation, in violation of Section 8(b) (2) and 8(b) (1) (A), 29 U.S.C.A. § 158(b) (1) (A), (2), thereof and by causing that Company wrongfully to discharge its employee, Pense, seeks our enforcement of its order against the Union to cease and desist from such violations, make whole Pense for the period of his lost employment and post the usual notices. The agreement was made in 1953 with Convair when operating under another name.

The facts are that the Union and the Company had an agreement that the Company would discharge an employee member of the Union who failed for three months to pay his union dues. There was no requirement that any employee should become a member of the Union and the case is one where an employee by willfully joining a union having such a contract made himsef subject to a discharge for such non-payment of dues. Pense failed to pay his dues for three months, and in December, 1953, was dropped from the Union membership and then on the Union's request he was discharged by Convair.

The Board concedes that there was no violation of the Act by the above described facts, stating: "The requirement for the payment of initiation fees and monthly dues is, of course, a valid one when considered in isolation."

The Board contends, however, that the otherwise valid provision for discharge for the non-payment of dues is so "interwoven" with other provisions which it claims are invalid, that it is infected by them and therefore invalid.

The Union's agreement with Convair provided that as a condition of employment of any member of the Union such employee must pay "initiation fees, monthly dues and general assessments." The Board contends that the agreement to pay assessments is not an agreement to pay dues and hence the assessment provision is unlawful. Being unlawful, the contention continues, it is so "inter-

woven" with the lawful provision for discharge for the non-payment of dues, that the latter becomes unlawful.

We consider that the fact that "assessments" are not "dues" leads to the opposite conclusion that the two are not interwoven. On the contrary, they are clearly different and separable. Moreover, as stated by the Supreme Court in N.L.R.B. v. Rockaway News Supply Co., 1953, 345 U.S. 71, at page 79, 73 S.Ct. 519, at page 524, 97 L.Ed. 832:

"[T]here is no showing that these illegal provisions in any way affected the [employee's] employment, his discharge, or any conduct of any party that is relevant to this decision."

See also, N.L.R.B. v. United Electrical, Radio and Machine Workers, 3 Cir., 1953, 203 F.2d 673. We conclude that the invalid assessment provision in no way invalidates the provision for the discharge by the Company of union members for failure to pay dues under which Pense was discharged.

The Board further contends, however, that the provision under which the Union procured Pense's discharge by the Company for non-payment of dues is invalid because, as applied to rehiring situations, it violates the Act. The Union security provision of the contract between Convair and the Union was a so-called "maintenance of membership" clause under which no employee was required to join the Union, but those employees who voluntarily elected to join were subject to penalties for failure to pay dues until they withdrew from the Union by following the procedure for withdrawal set forth in the contract. The Union security provision, so far as here pertinent, reads as follows:

"[E]ach employee who * * * is separated from the bargaining unit and who at such time is subject to the provisions of this section [i. e., is a member of the Union] shall, upon rehire within the bargaining unit, again pay regular dues to the Union commencing with the date of rehire * * *"

Pense was not rehired by Convair prior to the commencement of this proceeding, and the record before us presents no facts concerning the alleged invalidity of the maintenance of membership provision as applied to rehiring. Nevertheless the Board argues that the above-quoted provision violates Section 8(b) (1) (A) and (2) and 8(a) (3) of the Act because, as the Board states in its brief, "it required any Union member separated from the bargaining unit to resume paying membership dues immediately upon reemployment within the bargaining unit even though his Union membership may have been discontinued in the meantime."

We do not agree. Section 8(a) (3) provides:

"It shall be an unfair labor practice for an employer * * * (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, That nothing in this Act * * * shall preclude an employer from making an agreement with a labor organization * * * to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment * * *"

Section 8(b) (2) makes it an unfair labor practice for a union to cause an employer to violate Section 8(a) (3), and Section 8(b) (1) (A) prohibits interference by unions with the rights of employees under Section 7, 29 U.S.C.A. § 157, to be free from coercion in deciding whether to engage in collective bargaining and in selecting their collective bargaining representative.

Here there was no condition of employment requiring membership in the Union. Any employee was free to join or not to join. An employee who joined thereby agreed to the section of the agreement providing that an employee who

"is separated from the bargaining unit and who at such time is subject to the provisions of this section shall, upon rehire within the bargaining unit, again pay regular dues to the Union commencing with the date of rehire * * *

"Section 3. Any employee subject to the provisions of Section 1 above, who is thereafter separated from the bargaining unit, shall upon his reemployment in a job within the bargaining unit again pay membership dues to the Union in accordance with Section 1 above, unless such employee has withdrawn from membership with the Union in accordance with this article."

We can see no ground on this record for the Board's holding that the above language imposes any obligation to pay dues at once upon rehire on an employee who was a former member of the Union but *who has withdrawn therefrom*. Clearly the requirement of the sections of the contract quoted that a member of the Union must begin paying dues immediately upon rehire does not violate Section 8(a) (3) of the Act.

We conclude that the discharge of Pense was pursuant to a valid Union security provision of the collective bargaining agreement, and therefore enforcement of the portion of the Board's order requiring the Union to make Pense whole for any loss sustained because of his discharge is denied. In view of the fact that at the time the present proceeding was commenced, the contract provided for discharge of Union members who failed to pay assessments as distinguished from dues, in violation of the Act, the Board's order is amended to read that the Union shall cease and desist from causing the discharge of its members for the failure to pay an assessment.

Order modified and as modified enforced.